ORIGINAL

Copies served
By Courtroom Deputy

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 18 2003

LUTHER D. THOMAS, Clerk
BY: D. W. Wood Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JOHN DOE,                            :
                                     :
        Plaintiff,                   :
                                     :
                                     :    CIVIL ACTION
vs.                                  :    NO. 2:03-CV-156-WCO
                                     :
BARROW COUNTY, GEORGIA;              :
WALTER E. ELDER, in his official     :
capacity as Chairman of the Barrow   :
County Board of Commissioners and    :
in his individual capacity,          :
                                     :
        Defendants.                  :

# ORDER

The captioned case is before the court for consideration of defendants' motion

to dismiss [6-1] and to strike plaintiff's motion for a preliminary injunction [6-2]

and plaintiff's motion to proceed anonymously [10-1]. This case arises out of

plaintiff's challenge to a display of the Ten Commandments at the Barrow County

courthouse. Plaintiff filed his complaint under the pseudonym "John Doe."

Defendants then filed a motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1), (2), (4), (5), and (6), arguing that defendant Barrow County was

not properly served and that plaintiff failed to appropriately seek the court's

permission to proceed anonymously. Defendants argue that plaintiff should have

filed his anonymity request at the same time he filed his complaint and that, because

AO 72A
(Rev.8/82)

he failed to do so, this court does not have proper subject matter jurisdiction. Plaintiff opposed the motion to dismiss and filed a request to proceed anonymously. The court has considered the parties' briefs and oral arguments presented on December 11, 2003.

## I.    Standards for a Motion to Dismiss

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must take the complaint's allegations as true and read them in the light most favorable to the plaintiff[]." Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993) (citation omitted). However, this court is not required to accept as true plaintiff's conclusions of law when considering a motion to dismiss but may make its own determinations of the legal issues. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). Consideration of matters beyond the complaint is improper. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).

## II.    Defendants' Motion to Dismiss

Defendants' first contention is that Barrow County was not properly served. At oral argument, plaintiff's counsel indicated that plaintiff had served the county

2

subsequent to the filing of the motion to dismiss, and defendants' counsel stated that the parties were in the process of resolving this issue. Accordingly, the court will deny the motion to dismiss as to the allegation of improper service, with the understanding that defendant Barrow County is free to raise this issue in the future if it contends that the most recent attempts at service have likewise failed.

Defendants' second contention is that plaintiff failed to properly seek the court's permission to proceed anonymously. Defendants acknowledge that there are certain circumstances in which a plaintiff might be able to proceed anonymously in federal court but that a litigant may do so only after receiving the court's permission. Furthermore, defendants maintain that such a request must be made contemporaneously with the filing of the complaint. They argue that any documents filed prior to a court granting permission to proceed anonymously are in essence a nullity; it is the grant of permission that gives the court jurisdiction to consider the pleadings filed under a pseudonym.

That there are some circumstances in which a plaintiff may proceed anonymously is confirmed by one of the most widely known Supreme Court cases of this generation, Roe v. Wade, 410 U.S. 113 (1973). See also Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (articulating standards for deciding when a plaintiff should be permitted to proceed anonymously). Anonymous pleading is the

3

exception to Federal Rule of Civil Procedure 10(a), which requires every party to be named in the complaint. It is within the court's discretion to decide whether a plaintiff will be allowed to proceed anonymously. Doe v. Shakur, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

Defendants contend that because plaintiff has not been properly identified pursuant to Rule 10(a), no action has been commenced, and the only option open to the court is dismissal. Defendants cite cases to support their position, with Estate of Rodriquez v. Drummond Co., 256 F. Supp. 2d 1250 (N.D. Ala. 2003), being the most directly on point. Rodriquez presents a procedural background similar to that of the case at bar: plaintiffs filed an amended complaint with some parties using pseudonyms, defendant filed a motion to dismiss, and the plaintiffs then filed a motion to proceed anonymously. Id. at 1254. The court held that it did not have jurisdiction over the anonymous plaintiffs because they used pseudonyms without first obtaining the permission of the court. Id. at 1255-56. Furthermore, the court held that the procedural defect could not be cured by an order granting permission to proceed anonymously nunc pro tunc; the defect was jurisdictional and could not be cured after the fact. Id.

In reaching its holding, the court relied exclusively on Rule 10(a) and the case of W.N.J. v. Yocom, 257 F.3d 1171 (10th Cir. 2001). In Yocom, the court

4

AO 72A
(Rev.8/82)

dismissed an appeal because the plaintiffs had failed to secure the district court's permission to proceed anonymously. The plaintiffs attempted to remedy the problem by obtaining an order from the original magistrate judge granting permission to proceed anonymously and dated nunc pro tunc to the filing of the action. Id. at 1172. Significantly, the order from the magistrate judge did not come until after the case was on appeal to the Tenth Circuit. The court held that a lack of jurisdiction cannot be cured by an order nunc pro tunc. The court went on to write that the defect could not be remedied after the case was on appeal because a district court loses jurisdiction once an appellate court takes the case. Id. at 1172-73.

This court respectfully disagrees with the Rodriquez court's conclusion and specifically with the reliance placed on Yocom. The Yocom scenario is different from the one involved in this matter because that case was already on appeal when the district court entered the order granting permission to proceed anonymously. At that point, the district court had lost jurisdiction to entertain the issue; the case was squarely within the control of the court of appeals. Here, this court is still responsible for managing the case at bar. Furthermore, consideration of the plaintiff's motion to proceed anonymously will not result in an order nunc pro tunc. Rather, it will simply resolve the issue of whether plaintiff will be permitted to

5

proceed anonymously and will do so prior to when any discovery or matters of substance have begun.

There is support from within the Eleventh Circuit for the proposition that a motion to proceed anonymously need not be filed contemporaneously with the complaint in order to vest the district court with jurisdiction. In Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678 (11th Cir. 2001), the plaintiff filed a suit under a fictitious name, defendants filed a motion to dismiss for failure to state a claim, and the plaintiff then filed a motion to proceed anonymously. Id. at 680. The district court reached the merits of both motions, granting the motion to dismiss and denying the request for anonymity. The court of appeals reversed, holding that plaintiff should have been permitted to proceed anonymously and remanding so that plaintiff might amend her complaint. Id. at 684-87. Although nobody raised the question of whether the late filing of the motion to proceed anonymously denied the courts of jurisdiction, the Eleventh Circuit would have been under a duty to consider the issue sua sponte if jurisdiction was lacking. Although the court is usually hesitant to rely on cases for an issue that was not directly discussed, the Aware Woman Ctr. opinion appears to give guidance for when a motion to proceed anonymously can be considered, especially given the dearth of appellate decisions on point. See also Doe v. Frank, 951 F.2d 320 (11th Cir. 1992) (court of appeals

6

considered on the merits the district court's decision to deny a motion to proceed anonymously that was filed in response to a motion to dismiss for failure to comply with Rule 10(a)).

In EW v. New York Blood Ctr., 213 F.R.D. 108 (E.D.N.Y. 2003), the court addressed this exact question. That court looked to Federal Rule of Civil Procedure 17(a), which provides that every action shall be prosecuted in the name of the real party in interest. New York Blood Ctr., 213 F.R.D. at 109-10. Rule 17(a) states that

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a). "Thus, the federal rule itself indicates that failing to bring an action in the name of the real party in interest does *not* immediately and automatically divest a district court of jurisdiction." New York Blood Ctr., 213 F.R.D. at 109. Furthermore, the New York Blood Center court distinguished Yocom, noting that it simply did not apply because it concerned the ability of a district court to grant a motion to proceed anonymously after the case was on appeal. Id. at 110. In conclusion, this court agrees with the reasoning espoused in New York Blood Center and respectfully disagrees with that put forth in Rodriquez.

7

Accordingly, defendants' motion to dismiss for lack of jurisdiction is denied. The court has jurisdiction to consider the motion to proceed anonymously and will do so. For the same reasons, defendants' motion to strike the request for a preliminary injunction is also denied.

### III.    Motion to Proceed Anonymously

As the court previously noted, there are circumstances in which a plaintiff may litigate anonymously. However, it is "the exceptional case" in which a court may permit a plaintiff to prosecute without disclosing his name to the public. Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981). At the outset, the court wishes to properly frame the issue so that everyone, including the public, is aware of exactly what is being decided. Plaintiff seeks only to keep his name private. The resolution of the underlying constitutional issue in this case, namely whether defendants' display of the Ten Commandments violates the United States Constitution, will be decided in an open and public forum. Should this case progress to trial, the public will be free to attend the proceedings. Any court orders or opinions concerning the merits of this case will be available for public

8

inspection. In the end, the only thing potentially being shielded from the public is plaintiff's name and any court proceedings or opinions that might be necessary to determine standing.

That said, courts in this circuit have considered numerous factors when determining whether a plaintiff should be permitted to proceed anonymously. For example, the Stegall court catalogued previous cases where plaintiffs had been allowed to prosecute under a fictitious name and found that most involved suits challenging government activity, suits where a plaintiff would have to disclose information "of the utmost intimacy," and suits where plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. Stegall, 653 F.2d 180 at 185. As later noted, these characteristics were neither meant to constitute a rigid, three-step test, nor was the presence or absence of any one meant to be dispositive. Frank, 951 F.2d at 323. As the Frank court so aptly noted, a plaintiff should be permitted to proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Id. at 324. In weighing the plaintiff's wish for privacy against the "customary and constitutionally-embedded presumption of openness in judicial proceedings," Stegall, 653 F.2d at 186, the

9

court must consider and review all the circumstances of a given case. Frank, 951 F.2d at 323.

As a starting point, the court notes that it hears cases against the government, sometimes involving very private concerns, on a regular basis. However, "religion is perhaps the quintessentially private matter." Stegall, 653 F.2d at 186. Although defendants argue that plaintiff will not need to reveal his religious beliefs, he will need to show that he has been injured by the county display in order to have standing. Although he might not need to directly state his religious affiliation, or lack thereof, he will need to explain why he is injured by the presentation. That explanation will necessarily require him to reveal his beliefs concerning the proper interaction between government and religion. The court recognizes that such concerns can implicate privacy matters similar to those associated with actual religious teachings and beliefs. Accordingly, the court acknowledges plaintiff's privacy concerns.

Secondly, the court considers the affidavit of Elizabeth F. Beckemeyer, who spoke out against the display of the Ten Commandments at the June 30, 2003 meeting of the Barrow County Board of Commissioners. Ms. Beckemeyer stated that her speech was interrupted with "boos" and that she was told to "shut up and sit down," to "go home," and that "[y]ou ain't welcome [here] no more."

10

[Beckemeyer Aff. at ¶ 4]. Ms. Beckemeyer stated that she was afraid for her safety because of the hostile environment in the room and that she has talked with others who wanted to speak out in opposition to the display but were too afraid to do so. [Beckemeyer Aff. at ¶¶ 4, 7]. Plaintiff John Doe stated in his affidavit that based on the community reaction, he fears retaliation against both himself and his family. [Doe Aff. at ¶ 6]. Finally, the court notes that at least one member of the community has attempted to intimidate several of the judges of this court, including the undersigned, by leaving angry and inappropriate voice messages. Although the court will not be affected by attempts at intimidation, they are relevant to show the tenor being displayed by some members of the public.

In the end, the court feels that this is one of those rare cases in which the plaintiff should be permitted to proceed anonymously. Plaintiff will, however, have to make himself known to the court and counsel for the defense. Any proceedings necessary to determine standing, or other issues defendants wish to pursue with the plaintiff, will be conducted in a closed setting. The court notes that the inconvenience to defendants should be relatively low. This is not a case that will be determined by plaintiff's credibility or recitation of facts. Rather, as long as plaintiff has standing to sue, this case will depend on the resolution of a legal question: Does the display of the Ten Commandments in the county courthouse

11

violate the Constitution? The relevant facts, including who placed the display, what is included in the display, how long it has been presented, etc., will likely come from witnesses other than the plaintiff. The legal issues, while possibly the subject of expert testimony, will be determined by the arguments of counsel. At the end of the day, plaintiff plays a relatively minor role in this litigation, and the constitutionality of the Ten Commandments display will be determined in proceedings open and accessible to all. In light of the response these issues have generated from some in the community, the court feels it appropriate to allow plaintiff to proceed under a pseudonym.

The court does reiterate what it made very clear when it heard oral arguments on this matter. The court will not tolerate, nor condone through inaction, any threatening or intimidating acts against anyone involved in this litigation. This case will be conducted in the same civil manner that typifies all of this court's proceedings. If anyone involved in this proceeding becomes aware of threatening or intimidating conduct, he or she should notify the court immediately. The matter will be referred to the United States Attorney for the Northern District of Georgia for investigation and potential prosecution under 18 U.S.C. § 1512 (2003), which makes it a federal crime to, amongst other things, knowingly use intimidation or threats with the intent to influence, delay, or prevent the testimony of any person in

12

AO 72A
(Rev.8/82)

an official proceeding. 18 U.S.C. § 1512(b)(1)(2003). Each and every member of the public has a right to express his or her thoughts on this matter; threats and intimidation, however, will not be tolerated.

## IV.   Conclusion

For the foregoing reasons, defendants' motion to dismiss [6-1] and motion to strike the motion for a preliminary injunction [6-2] are hereby **DENIED**. Plaintiff's motion to proceed anonymously [10-1] is hereby **GRANTED**. In response to questions raised at oral arguments, this case will be conducted with a discovery schedule consistent with the court's local rules, which provide for a four-month discovery track. See L.R. 26.2(A), App.F, NDGa.

IT IS SO ORDERED, this __18th__ day of December, 2003.

William C. O'Kelley
Senior United States District Judge

13